

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00099-CV

TONJA LYNCH AND FELICIA LYNCH, Appellants

V.

KENNETH AND BRENDA PIERCE, Appellees

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2022-106

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Kenneth and Brenda Pierce sued thirty parties, including Tonja Lynch and Felicia Lynch, to partition the surface estate of 121.091 acres, more or less, of land in Panola County, Texas (the Property).[1]  The Lynches appeal the trial court's final judgment of partition on the grounds that the trial court erred by failing to consider their cross-claim raising the issue of trespass to try title.  Because title to the Property was fully litigated in a different lawsuit, and because the Lynches' answer to the partition proceeding was untimely, we affirm the trial court's judgment.

The Pierces owned an undivided 0.31633333 interest in the Property, the Lynches each owned an undivided 0.03968750 interest in the Property, and the remaining parties, who are not involved in this appeal, owned the remainder interest.  Despite being properly served with the partition suit in 2022, the Lynches failed to file a timely answer.[2]

On August 16, 2022, the trial court appointed special commissioners to assist in effectuating the partition.  It was not until December 18, 2024, that the Lynches first answered the lawsuit, and not until December 19 that they filed a trespass to try title counterclaim.[3]  On December 17, 2024, the commissioners filed their report with the trial court.  The commissioners reviewed the "title conveyances," determined that the Property was owned by thirty-one undivided interest owners and found that the Property was susceptible to partition in kind.  After studying the surface estate, the commissioners recommended that the Pierces, who owned the

---

[1]The Property is more fully described as a 121-acre parcel of land situated in "the A. DuBoise, Jr., Survey, A-161, Panola County, Texas, and being the same land described in that certain Warranty Deed dated December 6, 1923, from H. N. Nelson to Frank Barryer, Phillip Barryer, Bennie Barryer, and Odis Barryer, recorded in Volume 64, Page 604, of the Deed Records of Panola County, Texas."

[2]*See* TEX. R. CIV. P. 99(b) (providing the deadline to file an answer to a lawsuit).

[3]No other interest owner objected to the partition proceedings.

majority interest, be awarded 38.390 acres of the Property and divided the remaining acreage among the other owners in accordance with their respective interests.[4]

On December 19, the day of the final partition hearing, the Lynches filed an amended answer containing an unverified plea in abatement and a trespass to try title counterclaim. At the hearing, the trial court denied the plea in abatement and struck the Lynches' answers and cross-claim as untimely. The trial court also noted that the issue of title to the Property had been finally decided in March 2022, as the result of litigation in cause number 2020-170, styled *Kenneth Pierce v. Felicia Pierce and Tonja Hawthorne*. Accordingly, the trial court confirmed the commissioners' report and entered its final judgment of partition.[5]

On appeal, the Lynches' pro se briefing raises issues related to title, but those issues were fully litigated in another lawsuit and were the subject of a final 2022 judgment, which the Lynches did not appeal. Moreover, proof of title was presented to the commissioners. Because the Lynches' briefing presents no other cognizable point of error as to why the trial court erred by confirming the commissioners' report and entering a final judgment of partition in this case, we affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:    May 21, 2025
Date Decided:    June 13, 2025

---

[4]The commissioners provided metes and bounds descriptions for each parcel of the divided Property.

[5]After the appeal of the final judgment in this case, the Lynches were declared to be vexatious litigants.

3